No. 14-16909

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

Rachel Benson,

*Plaintiff-Appellant*,

v.

Energy Solutions, Inc.; Law Office of James R. Vaughn, P.C.; TRS Financial Corporation; Victor and Jane Doe Gilgan, husband and wife; Robert Conti and Nikal Conti, husband and wife.

*Defendants-Appellees*.

On Appeal from the United States District Court for the

District of Arizona

Hon. Lawrence Anderson

Case No. CV-13-2201-PHX-LOA

**REPLY BRIEF FOR APPELLANT RACHEL BENSON**

Mark W. Straface
9595 Wilshire Blvd.
Suite 900
Beverly Hills, CA 90212
310) 246-1151
*Counsel for Appellant Rachel Benson*
*March 12, 2015*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................3

INTRODUCTION …………….........................................................................3

REPLY ARGUMENTS …….....................................................................……. 4

FRAUD TRUMPS ROOKER-FELDMAN........................................................5

GARNISHMENT IS A STAND ALONE COLLECTION ACTION...............6

A DISSOLVED JUDGMENT CREDITOR LACKS STANDING..................7

DEFENDANTS ARE DEBT COLLECTORS UNDER FEDERAL AND STATE DEFINITIONS…… ............................................................................8

DEFENDANTS STATUS AS AN UNLICENSED DEBT COLLECTOR IS A VIOLATION OF THE FDCPA…...................................................................9

STATUTE OF LIMITATIONS IS A NONE ISSUE.....................................11

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)(7)

CERTIFICATE OF SERVICE

i.
## TABLE OF AUTHORITIES

**CASES**

*Kougasian v. TMSL,* 359 F.3d 1136 (9th Cir. 2004)…………………………….5

**STATUTES**

FRCP Rule 15(a)(2)……………………………………………………...…13

15 U.S.C.§1692a......................................................................................................10

15 U.S.C § 1692f….................................................................................................7

15 U.S.C § 1692n ...................................................................................................9

ARS 32-1001(2)(a) ……………………………………...………………….10

Except for the following, all applicable statutes, etc., are contained in the brief or addendum of Appellees. Received on dated April 20, 2015

15 U.S.C § 1692n
This title does not annul, alter, or affect, or exempt any person subject to the provisions of this title from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this title, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this title if the protection such law affords any consumer is greater than the protection provided by this title.

## INTRODUCTION

When distilled down, Rachel Benson's lawsuit against defendants is based

on the garnishment action by defendants when the judgment creditor, Energy

Solutions Inc.( ESI) was administratively dissolved by the Arizona Corporation Commission on October 15, 2012, prior to the garnishment judgment awarded ESI on November 9, 2012.

Benson alleged that ESI lacked standing to seek the garnishment and violated the FDCPA when her account was levied. The District Court, in dismissing Benson's action failed to address these allegations.

Benson submits this reply to Defendants' response brief and states that Benson objects to defendants' disclosure of settlement discussions. Defendants disclosed settlement discussions in the District Court with Benson then objecting. To disclose settlement discussions a second time is unprofessional and unethical. There could be various reasons why parties initiate settlement discussions. Here, the issue is personal to Benson. With defendants constantly referring to the fact that Benson didn't answer the complaint, Benson didn't appear and object to the garnishment, Benson didn't object to the subpoenas, Defendants brief is replete with these references. To answer your quires, prior to the default judgment, Rachel Benson was diagnosed with Multiple Sclerosis. Since that time, she is attempting to live her life with as little stress as possible. That said, yes settlement discussions were held, yet we are now in the U.S. 9th Circuit Court of Appeals making the disclosure irrelevant and prejudicial.

REPLY

**Defendants contend Rooker-Feldman applies prohibiting review of a state court judgment in federal court, Plaintiff misunderstands the breath of the restriction on a de facto appeal and finally, that before awarding energy 18% interest per annum in state court's judgment** *the court impliedly found that interest appropriate.* **(DB p. 10) Emphasis added.**

Benson submits that Rooker-Feldman does not apply to situations where a party is alleging extrinsic fraud by the opposing party in procuring a judgement rather than alleging a legal error by the court. *Kougasian v. TMSL,* 359 F.3d 1136 (9th Cir. 2004).

In Kougasian, the court held that the plaintiff's assertions of extrinsic fraud in the procurement of the state-court judgment prevented *Rooker-Feldman*'s application. The court, in so holding stated that "[a] plaintiff alleging extrinsic fraud . . . is not alleging a legal error by the state court; rather, he or she is alleging a wrongful act by the adverse party." *Kougasian at page 1140*

Here, Plaintiff alleged fraud in procuring the post judgment interest rate of 18%. (ER FAC pp 7, 12-14). Defendants made misrepresentations to the court that the interest rate was 18%, when the contract rate (which calls for the statutory rate on default) and the statutory rate was 10%.

Defendants argue that if the District Court reviewed the state judgment and found the interest to be overstated, the District Court would be affecting the final judgment (prohibited by Rooker-Feldman) allowing Benson a de facto appeal. This argument is fatally flawed. Defendants' fail to understand that fraud trumps Rooker-Feldman. If the District Court found the interest to be overstated, Rooker-Feldman is inapplicable due to the extrinsic fraud and Benson, as alleged, stated cause of action for violation of the FDCPA.

With respect to Defendants assertion that **the court impliedly found that interest appropriate**, the court didn't imply anything as defendants contend. Defendants committed a fraud on the court and have no alternative but to now argue the court "impliedly found the rate to be appropriate". Court filings substantiate Benson's allegations. The 18% interest rate was represented by the defendants to be the proper interest rate when in fact it was not.[1]

**The defendant's second contention is that next Benson is claiming that by following Arizona law defendants violated the fair debt collection practices**

Page 6

---

[1] Benson is currently seeking to vacate defendants' judgment in state court based on defendants lack standing for failure to 1. obtain a license and 2, produce a valid assignment of rights.

**act because the alleged wrongs were caused by the final judgment of the state court.(DB pp 10-11)**

The FDCPA applies to collection activities of third party collection companies. It is possible to have a valid judgment but violate the FDCPA with a prohibited act during the collection process. Each collection action is separate and distinct. Benson is not trying to extricate the garnishment from the judgment as the garnishment is a stand alone collection activity. Benson is not alleging the garnishment in and of itself was prohibited. Benson is alleging the garnishment violated the Act because Energy cease to exist as did its judgment before the garnishment. Defendants' contention that Benson was still obligated by the judgment despite Energy's demise is absurd. The judgment creditor is dissolved. It cannot carry on day to day operations of a collection company. Defendants are prohibited from contending that Energy assigned its judgment to validate the garnishment because the garnishment judgment was awarded to Energy.

**Defendants contend that administrative dissolution of energy does not alter the court's jurisdiction.** Benson agrees. The act of garnishment by a dissolved entity however violates the FDCPA insofar as it took action it could not legally take (15 U.S.C. 1692f )

Filing for a writ of garnishment can hardly be said to be a winding up of affairs. Energy and TRS are debt collectors; garnishment is but a part of their day to day business operations. If the Arizona's corporate dissolution statute was interpreted to allow garnishment, an act that is clearly a normal part of operations of a debt collection company, would be to allow Energy to benefit from dissolution. Clearly, an outcome the Arizona legislature did not intend. Defendants' characterization that the garnishment was a permissible act of gathering assets is a naked conclusion without legal authority.

Furthermore, Defendants cannot argue they were winding up affairs in that on November 15, 2012 days after receiving a garnishment judgment and again on February 5, 2013, Defendants subpoenaed Benson's bank records for a second and third time. Insofar as Energy did not exist as a viable entity on October 15, 2012, its judgment was unenforceable. Consequently, the garnishment violated the FDCPA. Benson alleged these facts in her complaint.

### TRS' motion to substitute in as a party plaintiff, (DB p. 13)

Benson, at the time she received notice of the motion had filed her complaint, was aware that Energy had been dissolved and discovered that TRS too was an unlicensed collection company. Benson made the decision to forego any opposition to the motion and amend her complaint to name the new defendants.

**Defendants contend they are not a debt collection company under Arizona law, (DB pp. 13-14)**

15 U.S.C 1692n provides as follows:

<u>" This title does not annul, alter, or affect, or exempt any person subject to the provisions of this title from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this title, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this title if the protection such law affords any consumer is greater than the protection provided by this title."</u>

Based on this federal statute, it is impossible to be a debt collector in the District Court and not a debt collector at the state level. Moreover, defendants' argument is completely contrary to the relevant case law.

**Defendants' contend Energy's status as a debt collector under federal law does not save Benson's claim. (DB pp 14-16)**

To the contrary, Benson submits that defendants' status as a debt collection company establishes in part that Benson stated cause of action. Benson alleged sufficient facts and the District Court agreed the defendant is debt collection company. Benson further alleged and Defendants admit that they are not licensed. Case law states that an unlicensed debt collection company doing business in a state that requires a license, is, in and of itself a violation of the FDCPA. These facts in conjunction with one another violate the Act.

Defendants then attempt to make a distinction between the federal and state definitions of a debt collector. (DB p. 15). Defendants set forth in their brief the federal definition of a debt collector. Then, inexplicably make reference to the state

definition of a "claim" and compare it to the FDCPA definition of a "debt".

Clearly, Defendants are attempting piece meal definitions together to arrive at a desired definition.

Benson provides the definitions for ease of reference.
15 U.S.C. 1692a
(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

ARS 32-1001(2)(a). Definitions

2. "Collection agency" means:

(a) All persons engaged directly or indirectly in soliciting claims for collection or in collection of claims owed, due or asserted to be owed or due.

Energy is a debt collector under both federal and state definitions. Defendants however, in their summary, state that a debt collector must use interstate commerce or the mails and (2) have a principal purpose of collecting consumer debts or regularly collect consumer debts owed to another. With respect to the use of interstate commerce, defendants are well aware that state laws have borders so the interstate commerce distinction is a red herring. With respect to number (2) neither definition state or federal use the word "consumer" in their definitions of a debt collector. Defendants are misleading the court. Defendants then extract a single sentence they mistakenly believe will sway the court that they are not debt collectors. That sentence states "collection agencies must solicit or

collect claims owed to another. They contend they are collecting on their own debt. Clearly, Arizona's definition lacks these words "owed to another".

**Defendants admit they are not licensed debt collectors but contend that Benson failed to appear and plead the defect that defendants were not unlicensed. (DB p 15).**

In point of fact when Benson learned of the judgment and the identity of the original creditor she filed a consumer complaint with the Arizona Financial Institutions Department, filed the federal lawsuit and filed a motion is to vacate the judgment in its Arizona State Court.

**Defendants contend that the state court implicitly found that Energy had the capacity to sue. (DB pp. 15-16)**

This statement is self-serving and false. The court did not imply anything. The court reviewed the four corners of the complaint (wherein the defendants neglected to mention that they were unlicensed and that they did not have a valid assignment) and made its findings based on the allegations.

**Defendants Statute of Limitations Defense. (DB p.17)**

Defendants allege for the first time that Benson's claim is barred by the statute of limitations based on Defendants service of the garnishment on Benson's bank. Benson alleged that her cause of action accrued when the court on November 9, 2012 awarded Defendants a garnishment judgment. The mere fact that the bank

placed a hold on Benson's funds is inconsequential and not actionable. The hold for whatever reason could have been lifted.

Benson's complaint is based on the garnishment judgment awarded to a dissolved debt collection company that was prohibited by law from conducting business. Benson further alleged that the subpoenas issued subsequent to the garnishment judgment violated the Act for the same reasons. They were issued in the name of Energy. These facts have nothing whatsoever to do with the Defendants judgment, Rooker Feldman and Defendants rights to issue subpoenas with an existing viable judgment creditor.

Benson timely filed her complaint within a year prior to the garnishment judgment.

Benson admits that she alleged other violations that are time barred that raised issues related to the judgment and beyond review via Rooker Feldman. Benson however alleged in her complaint the continuing fraud in connection with the interest rate, which is an exception to the Rooker Feldman Doctrine.

With respect to the continuing violation doctrine, recognized in the 9th Circuit Court of Appeals, Benson did not per se allege the doctrine in District Court, but did however allege a continuing fraud with respect to the interest rate

and submits that there is a distinction without a difference and submits that the doctrine was alleged and available to Benson to substantiate the alleged fraud.

With respect to the Federal Rules of Civil Procedure 15(a)(2) Benson was ordered to conform her initial complaint to local court rules. Subsequently, TRS filed its motion of substitution in state court. Benson was then required to amend her complaint to name the new defendants. Benson did not as a matter of course amend the substance of her complaint. FRCP Rule 15(a)(2) provides in pertinent part: the court should freely give leave when justice so requires". Notwithstanding Benson's inadvertent failure to request leave, she was not provided the opportunity to amend the substantive allegations of the complaint and submits that it would not be an excise in futility.

The District Court, for reasons not apparent, did not address Benson's garnishment allegations absent a judgment creditor. With ESI dissolved the garnishment was illegal and in violation of the Act.

With respect to Defendants brief, section C, p. 24, Benson stands on her arguments set forth in her opening brief.

## STATEMENT OF RELATED CASES
### (FRAP 28-2.6)

There are no related cases pending in this Court.

May 27, 2015                           Respectfully submitted,
                                       By: _____/s/_____
                                            Mark W. Straface
                                          Attorney for Appellant